**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Roanoke Division**

| | |
|---|---|
| LISA G. WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 7:15-cv-224 |
| MOUNTAIN VIEW LAWN CARE LLC | ) |
| | ) |
| and | ) |
| | ) |
| U.S. LAWNS, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## U.S. LAWNS, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT

Defendant U.S. Lawns, Inc. ("U.S. Lawns") seeks dismissal of the complaint filed by Plaintiff Lisa G. Wright ("Plaintiff") for the simple reason that U.S. Lawns was not Plaintiff's employer and she has failed to allege sufficient facts to permit a plausible determination to the contrary. Rather, she was employed by Defendant Mountain View Lawn Care LLC ("Mountain View"), a separate and distinct company that operates as a franchisee of U.S. Lawns in Roanoke, Virginia.

## STATEMENT OF FACTS

U.S. Lawns is a Florida corporation headquartered in Orlando, Florida. (Decl. ¶ 2.)[1] U.S. Lawns is one of the nation's largest provider of commercial grounds care, and services some of the largest retail and service chains in America, along with extensive commercial properties. (*Id.*) U.S. Lawns and its franchisees are in the business of providing full service

---

[1] The declaration of Pam Dolan, U.S. Lawn's Business Management Director, is attached hereto as Exhibit A and is referred to throughout this Memorandum as "Decl. ¶ _."

landscape maintenance at more than 260 locations in 43 states. (*Id*.) U.S. Lawns has developed a unique system for opening and operating businesses providing landscape maintenance services pursuant to certain standards and specifications, whereby U.S. Lawns provides a platform and certain operational supports to its individual franchise owners, who operate as individual businesses within specified territories. (Decl. ¶ 3.) Although franchisees must use "U.S. Lawns" as their trade names, they are prohibited from using the words "U.S. Lawns" or any of U.S. Lawn's other marks as part of the names of their business. (*Id*.)

With respect to employment-related matters, U.S. Lawns does not recruit, screen, hire, direct, schedule, set hours, compensation or benefits, pay, train (beyond limited training related to the U.S. Lawns system of business provided to franchisee owners and key individuals), discipline or terminate its franchisee's employees. (Decl. ¶ 4.)

Mountain View is a Virginia limited liability company located in Roanoke, Virginia. (Decl. ¶ 5.) In August 2010, Mountain View entered into a franchise agreement with U.S. Lawns in which U.S. Lawns granted Mountain View the right and license to operate as a U.S. Lawn franchisee within an established border in Roanoke County, Virginia in exchange for certain royalty fees. (*Id*.) At the time Mountain View and U.S. Lawns entered into the franchise agreement, Jess V. Border was the sole member of Mountain View. (*Id*.) In June 2014, U.S. Lawns and Mountain View entered into a change of ownership agreement, in which Border transferred his 100% ownership interest in Mountain View such that Bill Turley, Davis Cichocki and Terry Myles each acquired an interest in Mountain View. (*Id*.)

Plaintiff was employed by Mountain View from approximately March 2014 until September 2014. (Complaint, ¶¶ 7, 16.) Plaintiff has never been an employee of U.S. Lawns. (Decl. ¶ 6.) She worked solely in Roanoke, Virginia for Mountain View and was supervised by

Mountain View employees and members. (*Id.*) At the time of the transfer of ownership, and at all relevant times during Plaintiff's employment with Mountain View, Border, Cichocki, Myles, Mike (Inu), and Turley were either members or employees of Mountain View and were not employees of U.S. Lawns. (*Id.*)

U.S. Lawns and Mountain View are entirely separate and unrelated entities. (Decl. ¶ 7.) They file separate tax returns, conduct separate banking operations and operate and maintain offices at separate locations. (*Id.*) U.S. Lawns and Mountain View also purchase inventory and equipment separately. (*Id.*)

## ARGUMENT

**I.      PLAINTIFF'S TITLE VII CLAIMS AGAINST U.S. LAWNS SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO ALLEGE SUFFICIENT FACTS TO PLAUSIBLY SUPPORT HER CONCLUSORY CLAIM THAT U.S. LAWNS WAS HER EMPLOYER.**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A court considering a motion to dismiss pursuant to Rule 12(b)(6) must assess the legal sufficiency of the allegations in the plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). The motion should be granted if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Harbeck v. Smith*, 814 F. Supp. 2d 608, 616 (E.D. Va. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Further, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id.*, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (internal quotation marks

3

omitted). Here, Plaintiff's bare, conclusory allegations are devoid of factual content and insufficient as a matter of law to state a claim against U.S. Lawns.

Plaintiff's Complaint alleges harassment, discrimination and retaliation under Title VII of the Civil Rights Act of 1964. (Complaint ¶¶ 18-28.) The analysis of the sufficiency of a Title VII claim properly begins with the threshold determination of whether U.S. Lawns can be held liable as an "employer" for purposes of Title VII. *See Lissau v. Southern Food Serv., Inc.,* 159 F.3d 177, 181 (4th Cir. 1998) ("Congress only intended employers to be liable for Title VII violations."). To be subject to liability under Title VII, a defendant must be both the Plaintiff's employer and fall within Title VII's statutory definition of an "employer." *See, e.g., Depaoli v. Vacation Sales Assocs., LLC,* 425 F. Supp. 2d 709, 714-15 (E.D. Va. 2005). Therefore, to avoid dismissal, Plaintiff must allege sufficient facts to make it plausible that U.S. Lawns was her employer. She has not done so.

Plaintiff alleges in a general, conclusory fashion that Mountain View and U.S. Lawns "are corporate entities doing business in the western district of Virginia and elsewhere. At all times material hereto defendants operated as a 'joint employer' under federal law." (Complaint, ¶ 6.) Plaintiff alleges no specific facts, however, to support its conclusory allegation that U.S. Lawns was her joint employer. Indeed, the Complaint acknowledges that "plaintiff is not certain of the precise legal name of her employer or the legal relationship, if any, between Mountain View Lawn Care LLC and U S Lawns, Inc.)." (Complaint, ¶ 7.) While she cites to a letter on "U.S. Lawns" letterhead that refers to "U.S. Lawns" as her employer, it appears that the letter is merely using the U.S. Lawns trade name, and does not lend any credence to the allegation that U.S. Lawns, Inc. – rather than Mountain View Lawn Care, LLC or some other entity – was her actual employer.

4

Likewise, while Plaintiff alleges the conclusion that U.S. Lawns and Mountain View are a "joint employer" of Plaintiff (Complaint, ¶ 6), she fails to allege any specific facts to support that bare allegation. As the Fourth Circuit Court of Appeals has recently held the factors for determining whether an employee is jointly employed by two or more entities include, in part: the authority to hire or fire, day-to-day supervision of the individual, which entity furnishes equipment and the place of work, which entity provides training and whether the individual and the putative employer intended to enter into an employment relationship. *Butler v. Drive Automotive Industries of America, Inc.,* No. 14-1348 at 22-23 (4th Cir. July 15, 2015). The Complaint is wholly devoid of any allegations addressing the factors that the Fourth Circuit has indicated that, if true, might plausibly support a finding of joint employer liability.

Plaintiff's unsupported conclusory statements that U.S. Lawns and Mountain View operate as joint employers is insufficient to meet her burden at this stage to raise her contention "above the speculative level." *Twombly,* 550 U.S. at 555. Indeed, Plaintiff implicitly acknowledges the speculative nature of her allegation, conceding "(plaintiff is not certain of the precise legal name or the legal relationship, if any, between Mountain View Lawn Care LLC and U S Lawns, Inc.)." (Complaint, ¶ 7.) Consequently, her Complaint should be dismissed for failure to state a claim against U.S. Lawns.

## II. U.S. Lawns and Mountain View are Not Joint Employers and U.S. Lawns Is Not Plaintiff's Employer Under Title VII.

Assuming *arguendo* that Plaintiff's allegations were sufficient under *Iqbal* and *Twombly,* the simple, indisputable fact is that U.S. Lawns was not Plaintiff's employer or joint employer of Plaintiff. Put simply, she worked for Mountain View a distinct entity and an independently owned and operated franchisee of U.S. Lawns, Inc. (Decl. ¶¶ 6-7.) She never worked for U.S.

5

Lawns, Inc., and it was not involved in her hiring, never paid her, and did not fire her.  (Decl. ¶¶ 4, 6.)

Nor can U.S. Lawns, Inc. be roped into this case as a "joint employer." Consideration of the factors adopted by the Fourth Circuit in *Butler* and outlined in the preceding section of this brief make it overwhelmingly clear that U.S. Lawns was not Plaintiff's joint employer.[2] Plaintiff worked solely in Roanoke, Virginia for Mountain View, and she was supervised by Mountain View not by U.S. Lawns.  (Decl. ¶ 6.)  U.S. Lawns does not recruit, screen, hire, direct, schedule, set hours, compensation or benefits, pay, train (beyond limited training related to the U.S. Lawns system of business provided to franchisee owners and key individuals), discipline, or terminate its franchisee's employees.  (Decl. ¶ 4.) Consequently, U.S. Lawns was not involved in recruiting, hiring, compensating or paying Plaintiff.  In addition, U.S. Lawns and Mountain View are wholly separate corporations that file separate tax returns, conduct separate banking operations and operate and maintain offices at separate locations.  (Decl. ¶ 7.)  U.S. Lawns and Mountain View also purchase inventory and equipment separately.  (*Id*.)  All of the individuals named in the Complaint – Messrs. Border, Cichocki, Myles, Mike (Inu), and Turley – were employees of Mountain View, not U.S. Lawns, at the times complained of (Decl. ¶ 6.) Thus, it is indisputable that U.S. Lawns was never Plaintiff's employer or joint employer. Accordingly, all of the claims against U.S. Lawns should be dismissed.

## CONCLUSION

---

[2] U.S. Lawns acknowledges that if the Court finds the argument contained in Section I to be unavailing, the present Motion is to be treated as a motion for summary judgment given the factual nature of the argument contained in Section II. Either way, it is appropriate to dispose of the claims against U.S. Lawns at this stage, since it has been wrongly named as a party and should not have to be dragged through discovery and other aspects of what is a dispute between Plaintiff and Mountain View, her actual - - and sole - - employer.

For the reasons stated above, U.S. Lawns respectfully requests that the Court grant its Motion to Dismiss.

Dated:  July 20, 2015                          Respectfully submitted,

                                               U.S. LAWNS, INC.,

                                               By its attorneys,

                                               /s/  David Barmak
                                               David Barmak (VSB# 15853)
                                               MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
                                               & POPEO, P.C.
                                               701 Pennsylvania Ave. NW, Suite 900,
                                               Washington, D.C. 20004
                                               Tel: (202) 585-3507
                                               Fax: (202) 434-7400
                                               DBarmak@mintz.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of July 2015, I caused the foregoing Memorandum in Support of Motion to Dismiss to be served via the ECF system on counsel as follows:

Terry N. Grimes
Brittany M. Haddox
TERRY N. GRIMES, ESQ., P.C.
320 Elm Street
Roanoke, VA 24016
tgrimes@terryngrimes.com
bhaddox@terryngrimes.com

Counsel for Plaintiff

Thomas M. Winn III
Thomas R. Bagby
Woods Rogers PLC
10 South Jefferson Street
Suite 1400
Roanoke, VA 24011
winn@woodsrogers.com
bagby@woodsrogers.com

Counsel for Mountain View Lawn Care LLC


_____/s/ David Barmak_____
David Barmak


42293038v.1

8